**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

AUSTIN COOPER, ADC # 078084                                                                PLAINTIFF

v.                                      5:15CV00170-BSM-JJV

GRISWOLD, Assistant Nurse
Practitioner, Cummins Unit, ADC; *et al.*                                              DEFENDANTS

### ORDER

Pending before the Court is Plaintiff's Motion to Compel ("Motion") (Doc. No. 72). Therein, Plaintiff argues that Defendants should be compelled to produce copies of his medical records for the last fifteen years. (*Id*. at 2.) Defendants have responded by arguing that Arkansas Department of Correction ("ADC") policy precludes inmates from possessing a physical copy of their medical records.[1] (Doc. No. 74 at 1.) Additionally, they argue that the fifteen year scope of Plaintiff's request is vague and overly broad. (*Id*. at 1-2.) Finally, Defendants provide evidence that they have advised the Health Services Administrator of the current litigation and requested that Plaintiff have more liberal access to his medical records. (Doc. No. 74-1.)

Based on the foregoing, Plaintiff's Motion will be denied. He has not provided a persuasive rationale for producing fifteen years of medical files. He may review the relevant

---

[1] Plaintiff's Motion asks for the medical records to be produced to the Court. (Doc. No. 72 at 2.) The Court has not requested these records for its own benefit, and it declines to act as a custodian on Plaintiff's behalf. As Defendants correctly argue, the records can be made available to the Court at a later date should their review prove necessary. (Doc. No. 74 at 2.)

1

parts of his file using the procedures provided by the ADC.[2] Plaintiff does allege that some records have been removed from his jacket by Defendants, but it is unclear to which specific records he is referring. (Doc. No. 72 at 1-2.) Regardless, he notes Defendants' counsel has denied possessing additional information. (*Id*. at 2.) I take these allegations seriously, but nothing in the record convinces me that Court intervention in the discovery process is warranted a this time. Going forward, Plaintiff should confer in good faith with opposing counsel before filing a motion to compel.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Compel (Doc. No. 72) is DENIED.

DATED this 2nd day of December, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff alleges that he has had difficulty using these procedures to review his medical files. (Doc. No. 72 at 2.) Given that Defendants have recently contacted the Health Services Administrator on his behalf, I am hopeful that this issue can be resolved without Court intervention. In the event these difficulties persist, Plaintiff may renew the issue before the Court.