# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

AUSTIN COOPER, ADC # 078084                                                                      PLAINTIFF

v.                                            5:15CV00170-BSM-JJV

GRISWOLD, Assistant Nurse
Practitioner, Cummins Unit, ADC; *et al.*                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

1

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     INTRODUCTION

Austin Cooper ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2)  He alleges Defendants Griswold and Bland have exhibited deliberate indifference toward his serious medical needs. (Doc. No. 13) Defendants have now moved for summary judgment. (Doc. No. 94) Plaintiff has responded (Doc. Nos. 103-107) and Defendants have replied. (Doc. No. 109)

### II.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c);

2

*Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   ANALYSIS**

Plaintiff alleges he suffers from severe acid reflux which interferes with his ability to eat. (Doc. No. 13 at 12.) He has filed a lengthy Complaint laying out claims that Defendants have denied him adequate treatment for this condition in various ways.

With regard to Defendant Griswold, Mr. Cooper says she retaliated against him for submitting a grievance about her. (*Id.* at 25) He further alleges she was deliberately indifferent to his serious medical needs with her level of care, by refusing to renew his medical scripts for a wedge pillow and to allow Mr. Cooper to eat with the diabetic inmates,

3

refusing to make appointments with outside doctors, and altering his medical records. (*Id.*) Mr. Cooper alleges Ms. Bland also refused to renew his medical scripts for a wedge pillow and to allow Mr. Cooper to eat with the diabetic inmates and told Ms. Griswold to not renew the scripts.

Defendants Bland and Griswold may be held liable only if they were deliberately indifferent to Plaintiff's medical needs. Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

The United States Court of Appeals for the Eighth Circuit has explained:

> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

4

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

After reviewing the Amended Complaint, the Motion for Summary Judgment and the Response, I find neither Defendant Bland nor Griswold acted with deliberate indifference to Mr. Cooper's medical needs.

A close review of his Complaint reveals this case really revolves around the decisions to deny Mr. Cooper a wedge pillow and extra time to eat. I am somewhat sympathetic to Mr. Cooper being denied seemingly simple comforts as a wedge pillow and extra time to eat. However, this denial hardly rises to the level of an Eight Amendment violation. And Mr. Cooper's histrionic statements regarding the resulting effect of these denials is unconvincing.

In support of their Motion for Summary Judgment, Defendants provide the affidavit of Robert Floss, M.D., who is the former Regional Medical Director for Corizon, Inc. (Doc. No. 95-4) Dr. Floss notes the chronic care medical staff examined Mr. Cooper on September 18, 2014, and Defendant Griswold noted that Plaintiff requested renewal of prescriptions that allowed him to have extra time to eat and a wedge pillow. (*Id.* at 3) Dr. Floss states, "APN Griswold reviewed Dr. Samad's note from June 28, 2010 (which recommended that Plaintiff be prescribed omeprazole, 20 milligrams, twice daily, and a soft diet), and determined that it was not medical necessary to renew the prescriptions for a wedge pillow and extra time to eat." (*Id.*) Dr. Floss says, while the pillow would have likely provided relief, it was not "medically necessary." (*Id.*) He further states that given Mr. Cooper's medical condition, giving him additional time to eat would have no impact on his symptoms. (*Id.* at 3-4) Dr. Floss goes on to state:

> In my professional medical opinion, the treatment provided to Mr. Cooper for his GERD was appropriate. Although Mr. Cooper had previously been prescribed a wedge pillow and extra time within which to eat his meals, it is my medical opinion that neither of these prescriptions were medically necessary for the treatment of his GERD. Many individuals suffer from heartburn or acid indigestion caused by GERD and are able to relieve their symptoms through diet and lifestyle changes alone. Here, as indicated by his commissary records, Mr. Cooper failed to eat a bland diet which would have greatly reduced the discomfort associated with GERD. Further, Mr. Cooper was prescribed a medication used for the treatment of GERD. It is my opinion that Mr. Cooper was provided with appropriate care for the symptoms associated with his GERD. This conclusion is consistent with sound medical practices and my own professional judgment.

So after careful review of Mr. Cooper's claims, I find - as a matter of law - that Defendants Bland and Griswold did not act with deliberate indifference to his serious medical needs in denying a wedge pillow, his request to eat with diabetic inmates, or his request to see his private doctor.[1] In sum, there is nothing in the record to support a finding that the medical care was "so inappropriate as to evidence intentional maltreatment." *Jolly v. Knudsen*, 205 F.3d 1094, 1097 (8th Cir. 2000) (internal quotation marks and citation omitted). To meet the "subjective" component of an Eighth Amendment claim, the defendant must have a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297-303 (1991). "[I]nmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). "[M]ere disagreement with treatment decisions does not rise to the level of a constitutional violation."

---

[1] Mr. Cooper's allegation that his medical records were altered is wholly conclusory and without merit. And his newly raised allegations regarding his prescription medications are not a part of his Complaint.

6

*Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quotation omitted); *see also Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (stating that prisoners "do not have a constitutional right to any particular type of treatment[,]" and "[p]rison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment"). That Plaintiff believed an alternative course of treatment would have proven more effective is insufficient. An inmate cannot, in the face of medical records and physician affidavits, create a question of fact simply by stating he felt his treatment was deficient. *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir.1997). Here, the records and testimony of Dr. Floss indicate Plaintiff's pain treatment was adequate. Therefore, the Motion for Summary Judgment should be GRANTED on this point.

Plaintiff has also raised a claim of retaliation not addressed in Defendants' Motion for Summary Judgment. Although Mr. Cooper mainly raises this claim in the Response, he does in fact raise this claim in his Amended Complaint. (Doc. No. 13 at 10) In his Amended Complaint, Plaintiff states, "The next time I seen [*sic*] Ms. Griswold the first thing she said was, 'your [*sic*] the one who filed the grievance,' in a hostile and angry manner." (*Id.*) Mr. Cooper also says Defendant Griswold's attitude changed toward him after he filed a grievance. (*Id.* at 25)

To establish a successful retaliation claim, Mr. Cooper must "show (1) he engaged in a protected activity, (2) Defendants took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Revels v. Vincenz*, 382 F.3d 870,

7

876 (8th Cir. 2004). The United States Court of Appeals for the Eighth Circuit has held that an inmate claiming retaliation is faced with the substantial burden of proving that the actual motivating factor for the adverse action was as alleged. *Sisneros v. Nix,* 95 F.3d 749, 752 (8th Cir. 1996). Moreover, this Circuit has also held that allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 9 F.3d 1127, 1129 (8th Cir. 1996). Nothing in either the Plaintiff's Amended Complaint or Response serves to push his allegations of retaliation beyond speculation. The bare claim of retaliation, unsupported by any evidence whatsoever, must fail.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment be GRANTED and the claims against Defendants Bland and Griswold be DISMISSED with prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 24th day of May, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE